C. P. McGLOSHEN, Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.

No. C 79–0571–L(B).

United States District Court,
W. D. Kentucky,
Louisville Division.

Nov. 21, 1979.

Carl J. Bensinger, Louisville, Ky., Jerry L. Ulrich, New Albany, Ind., for plaintiff.

Richard W. Bauermeister, Indianapolis, Ind., Packers & Stockyards Div., Daniel J. Metcalfe, Justice Dept., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

This is apparently a case of first impression in this District. The matter is before the Court on the motion of C. P. McGloshen to quash an administrative subpoena issued by the Department of Agriculture directing the Clark County State Bank of Jeffersonville, Indiana, to produce for examination and copying:

> "All records and memoranda pertaining to C. P. McGloshen, 1206 Lexington Drive, New Albany, Indiana 47150, including but not limited to checking accounts, savings accounts, financial statements, loans, and any other documents or memoranda for the period from January 1, 1977, to March 1, 1979."

The subpoena was issued to aid in the investigation of a suspected violation of the Packers and Stockyards Act of 1921, as amended, Title 7 U.S.C. Section 181 et seq.

The Right to Financial Privacy Act, 12 U.S.C. Section 3401 et seq., provides that a government authority may obtain financial records by administrative subpoena or summons if there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry. A copy of the subpoena must be served personally or mailed to the customer of the financial institution to which the subpoena is directed. The copy served on or mailed to the customer is to be accompanied by a "motion paper" which is to be completed by the customer if he objects to making his records available. The motion is to be filed by mail or delivered to the Clerk of the United States District Court, in this instance the Southern District of Indiana, and a copy is to be served on the government authority requesting the records.

248

Upon receipt of the motion the Court, if it finds that the grounds stated in the motion sufficiently challenge the relevancy to legitimate law enforcement inquiry, shall direct the government authority to file a sworn response.

The matter now before this Court had its genesis in the Southern District of Indiana. McGloshen moved to quash the subpoena and Judge Noland ordered the Department of Agriculture to file its response. After the response had been filed and after McGloshen's reply to the response was filed, the action was transferred to this Court.

In its response the Department of Agriculture representative, by affidavit, sets out that he had received credible information indicating that in 1977, 1978 and early 1979 McGloshen engaged in a course of conduct which was violative of the provisions of the Packers and Stockyards Act, *supra*.

McGloshen's reply attacks the sufficiency of the affidavit in several respects. The reply argues that there is insufficient information given to McGloshen to enable him to make a defense. The fallacy of this argument lies in the fact that he has not been charged with any offense. The proceeding is still in the investigative stage. This is not the same situation as that in which a defendant needs specific information as to times and places at which an offense is alleged to have occurred. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

The Court finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry. The process will be enforced.

IT IS SO ORDERED this 21st day of November, 1979.